IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Cervando Sanchez, <br><br> Plaintiff, <br><br> v. <br><br> Moesle Meat Distribution Co., <br><br> Defendants. | Case No. 22-CV-1794 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Cervando Sanchez ("Plaintiff"), brings this action against Defendant Moesle Meat Distribution Co. ("Defendant"), and in support thereof, states as follows:

**Introduction**

1. Plaintiff brings this action under the Family and Medical Leave Act of 1993, title 29 USC § 2601, *et. seq.*, ("FMLA"), as amended. Plaintiff seeks damages for their retaliatory discharge, including but not limited to, lost back and front pay, liquidated damages, past and future, emotional distress and punitive damages and reasonable attorneys' fees and costs.

**Jurisdiction, Venue, and Parties**

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1337, and/or 29 U.S.C. § 2917(a)(2); and this Court also possesses supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367, because said claims arise out of the same facts and transactions.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant operated its business in Chicago, Cook County, Illinois, and Plaintiff worked for Defendant Chicago, Cook County, Illinois.

4. Plaintiff is an individual who resides in Chicago. Plaintiff worked for Defendant Chicago, Cook County, Illinois, from 2006 until on or about January 18, 2022.

5. Defendant is a Corporation, formed and existing under the laws of the State of Illinois, and at all times material to this complaint, maintained and operated a business in Chicago, Cook County, Illinois.

## Facts

6. Defendant is a wholesale meat processing and supply business and private sector employer; at all times relevant, it has employed over 50 employees in 20 or more workweeks in the current or previous calendar year.

7. Defendant is engaged in commerce or an industry affecting commerce.

8. On or about the end of December 2021 or early January 2022, Plaintiff requested family or medical leave from Defendant because Plaintiff contracted Covid-19 shortly after Christmas.

9. On or between December 25, 2021 and January 18, 2022, Plaintiff had been employed by the defendant for at least one year and they had worked at least 1,250 hours during the previous 12-month period.

10. Thirty days advance notice was not possible because the foreseeable situation had changed and/or Plaintiff did not know exactly when leave will be required.

11. Plaintiff provided notice of the need for his leave as soon as possible and practical by telling Defendant's management that he needed to be away from work after he initially contracted Covid-19; and Plaintiff called Defendant's HR department approximately one week after contracting Covid-19 to inform Defendant that he was still sick and his doctor said that he should remain home. Plaintiff also sent a text message requesting the time off.

12. Defendant did not approve Plaintiff's request for leave under the FMLA .

13. Plaintiff attempted to return to work for Defendants on or about January 18, 2022, after his Covid-19 symptoms subsided and he was no longer contagious. Defendant then fired Plaintiff and terminated his employment. Defendant verbally informed Plaintiff that when he requested time off to care for his Covid-19, he had effectively "resigned" and that he was being fired for taking the time off to care for his Covid-19.

14. Defendant terminated Plaintiff's employment in retaliation for Plaintiff's time away from the company to care for himself while he had Covid-19.

15. Defendant violated Plaintiff's rights under the FMLA because it terminated Plaintiff's employment in retaliation for seeking leave to care for a serious illness, Covid-19, which inflicted severe symptoms upon Plaintiff and put other workers at risk of infection if he came into the workplace.

16. Defendant interfered with, restrained, or discriminated against Plaintiff on or about January 18, 2022 because it terminated Plaintiff's employment with Defendant expressly because he sought time off to care for a personal medical illness, Covid-19.

17. Defendant knowingly, intentionally, and willfully violated plaintiff's rights because Plaintiff informed Defendant multiple times that he had Covid-19 and that his doctor or other healthcare proffesionals had instructed him to stay home and care for himself and his symptoms. Moreover, after Plaintiff's employment was terminated by Defendant, and Defendant expressly told Plaintiff that he was being fired for taking time off while he was sick, Defendant changed its story. Specifically, Defendant later told Plaintiff that he had been fired for improper use of a scanner, which story was in conflict with the original reason for Plaintiff's termination, and thus was a pretext to termination, which establishes Defendant's willfulness.

18. Plaintiff has been damaged by Defendant's violation of the FMLA, including loss of backpay after their employment was terminated, and any front pay resulting from lost wages, compensation, or other benefits. Additionally, Plaintiff is seeking liquidated damages totaling the all lost backpay, front pay, interest, and any other damages allowable under the FMLA because Defendant lacked a good faith belief to deny Plaintiff any FMLA leave.

## Request for Relief

**WHEREFORE**, Plaintiff Cervando Sanchez requests that judgment be entered in their favor and against Defendant Moesle Meat Distribution Co. for the following relief:

a. Damages under 29 U.S.C. § 2617(a)(1)(A)(i)(I) for any wages, salary, employment benefits, or other compensation denied or lost because of defendant's wrongful conduct;

b. Interest under 29 U.S.C. § 2617(a)(1)(A)(ii);

c. Liquidated (double) damages under 29 U.S.C. § 2617(a)(1)(A)(iii);

d. Such equitable relief under 29 U.S.C. § 2617(a)(1)(B) or the FMLA as may be appropriate, including employment, reinstatement, and/or promotion;

e. Reasonable attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to Rule 54(d) of the Federal Rules of Civil Procedure; and

f. For any such other relief as the Court may find proper, whether at law or in equity.

## **COUNT II - CHICAGO ANTI-RETALIATION ORDINANCE**

19. Plaintiff incorporates by reference paragraphs 1 through 18, as if set forth in full herein for Paragraph 19.

20. In response to the Covid-19 Pandemic, the City of Chicago passed an Anti-Retaliation Ordinance, amending Title 1, Section 24 of the Chicago Municipal Code to bar retaliation by employers against employees, who are forced to stay home from work (the "Ordinance").

21. Section 2 of the Ordinance provides in relevant part that:

> An Employer shall not take adverse action against a Covered Employee for obeying an order issued by the Mayor, the Governor of Illinois, the Chicago Department of Public Health, or, in the case of subsections (a)(2), (3), and (4) below, a treating healthcare provider, requiring the Covered Employee to:
>
> (1) Stay at home to minimize the transmission of COVID-19;
>
> (2) Remain at home while experiencing COVID-19 symptoms or sick with COVID-19;
>
> (3) Obey a quarantine order issued to the Covered Employee;
>
> (4) Obey an isolation order issued to the Covered Employee[.]

22. Between December 26, 2021 and January 18, 2022, Plaintiff was statying home from work because he had contracted Covid-19 and was experiencing severe symptoms; and a doctor or other healthcare professional instructed Plaintiff to stay home from work.

23. Plaintiff informed Defendant on multiple occasions between December 26, 2021 and January 18, 2022 that he had contracted Covid-19, and that he was required to stay home from work.

24. When Defendant terminated Plaintiff's employment on or about January 18, 2022, Defendant retaliated against Plaintiff for taking time off from work to attend to his Covid-19 infection; and in so doing Defendant violated Section 2 of the Ordinance.

25. Plaintiff is a "Covered Employee" under the Ordinance because Plaintiff performed at least two hours of work within a two week period for Defendant and his work was performed within the geographic boundaries of Chicago.

26. The Ordinance entitles an employee to recover three times the full amount of wages that would have been paid to the employee but for the retaliation, as well as any other actual damages directly caused by the retaliatory action; as well as attorney's fees and costs.

27. At the time of Plaintiff's termination, he was earning $16.20 per hour from Defendant. Accordingly, Plaintiff is seeking $48.60 for each hour he has been and will be out of work since his termination by Defendant on January 18, 2022; which amount is estimated at $2000 per week since January 18, 2022. Additionally, he is seeking emotional distress damages, as well as any other damages caused by Defendant.

WHEREFORE, Plaintiff Cervando Sanchez respectfully requests that judgment entered in his favor and against Defendant, and that judgment be entered in an amount compensating him for $48.60 per hour for each work hour he has been out of work since January 18, 2022; emotional distress damages; any other damages directly caused by Defendant's retaliation; and his attorney's fees and costs.

**Plaintiff(s) request trial by jury for all counts where allowed**

Cervando Sanchez

s/Daniel I. Schlade
**Justicia Laboral LLC**
**Daniel I. Schlade (IL Bar # 6273008)**
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL. 60646
P: 773-550-3775
E: dschlade@justicialaboral.com;
  danschlade@gmail.com

7